# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

EARNEST T. FRIAR, JR.
ADC #660122                                                                 PLAINTIFF

V.                            4:17CV00486 SWW/JTR

WRIGHTSVILLE UNIT                                                           DEFENDANT


## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Susan Webber Wright. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation. If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Plaintiff Earnest T. Friar, Jr. ("Friar") is a prisoner in the Wrightsville Unit of the Arkansas Department of Correction. He has filed a *pro se* § 1983 Complaint alleging that Defendant violated his constitutional rights. *Doc. 2*. Before Friar may proceed with action, the Court must screen his allegations.[1]

## II. Discussion

**A.  Claim Regarding the Length of his Sentence**

Friar alleges that unspecified individuals at the Wrightsville Unit are holding him in custody after the expiration of his state court sentence. Friar's challenge to the execution of his sentence must be raised in a federal habeas action, and not a § 1983 action, after he has exhausted all of his available remedies in state court. *See* 28 U.S.C. § 2254; *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If a state court or federal habeas court determines that Friar was wrongfully held in custody beyond his criminal sentence, he may then file a § 1983 action

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

seeking monetary damages for that constitutional violation. Thus, Friar has failed, at this time to plead a viable § 1983 claim regarding the length of his sentence.

**B.     Legal Mail Claim**

Friar also alleges that "one time" an unspecified individual at the Wrightsville Unit opened his legal mail outside of his presence. *Doc. 2 at 4.* However, the Eighth Circuit has held that an "isolated incident" of opening privileged legal mail, outside of an inmate's presence, does not rise to the level of a constitutional violation. *Beaulieu v. Ludeman*, 690 F.3d 1017, 1037 (8th Cir. 2012); *Gardner v. Howard,* 109 F.3d 427, 431 (8th Cir. 1997). Thus, Friar has not pled a viable legal mail claim.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.    The Complaint *(Doc. 2)* be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.    The dismissal be counted as a "STRIKE," as defined by 28 U.S.C. § 1915(a)(3).

3.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 31st day of August, 2017.

_____
UNITED STATES MAGISTRATE JUDGE